UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JANET LYN BLAINE,

        Appellant,

v.                                            Case No. 22-cv-1457-pp

ANDREW HERBACH
and PATRICK LAYNG,

        Appellees.

---

## ORDER GIVING APPELLANT NOTICE THAT THE COURT MAY DISMISS APPEAL FOR FAILURE TO PAY THE FILING FEE

---

On December 5, 2022, Janet Blaine, representing herself, filed an appeal from the bankruptcy court's dismissal of her Chapter 7 case (Bankruptcy Case No. 22-24929-beh). Dkt. No. 1. A notation on this court's docket that same day indicated that the appellate filing fee had not yet been paid to the bankruptcy court. On January 4, 2023, the district court clerk's office mailed a briefing letter to the parties. Dkt. No. 3. The letter did not set a briefing schedule; it informed the appellant that the record had been filed on January 3, 2022 and that "[t]he time limits set forth in Bankruptcy Rule 8018 will apply beginning with the date of this letter." Id. The letter was dated January 5, 2022 and indicated that the appellant would not receive any further notice from the clerk's office "regarding the time limits for the filing of briefs." Id. The clerk's office sent the letter to the appellant at 615 W. Keefe Street, Milwaukee, WI

1

53212.[1] Id. On January 20, 2023, that briefing letter was returned as undeliverable, no forwarding address available. Dkt. No. 4.

In her Chapter 7 voluntary petition filed with the bankruptcy court on November 7, 2022, the appellant indicated that her address was "615 W. Keefe Street, Milwaukee, WI 53212." Case No. 22-24929-beh, Dkt. No. 1 at 2. The voluntary petition form includes a section directing the debtor to provide a mailing address if different from where the debtor lives, and indicates that "the court will send any notices to you at this mailing address." Id. In that section, the appellant wrote "To Come" and drew an arrow to the "P.O. Box" line, but provided no P.O. box number. Id. The court presumes this means that the appellant intended to get a P.O. box in the future. The appellant wrote "Milwaukee, WI" in this section. Id. On December 5, 2022, the bankruptcy clerk sent a letter to the Keefe Street address, notifying the appellant of the $298 bankruptcy appeal fee and requesting payment. Case No. 22-24929-beh, Dkt. No. 22. On December 27, 2022, this letter also was returned as undeliverable. Id., Dkt. No. 26. The court notes that 615 W. Keefe Avenue, Milwaukee, WI 53212 is the address for the Milwaukee Women's Correctional Center.[2] An inmate locater search shows that the appellant is not currently incarcerated.

---

[1] See Fed. R. Bankr. P. 8003(c)(1) (stating that "[i]f a party is proceeding pro se, the clerk must send the notice of appeal to the party's last known address").

[2] The court searched for another address for the appellant. In a Wisconsin circuit court case (Jefferson County Case Number 2022-SC-000631), the appellant provided an address of PO Box 245, Jefferson, WI 53549, which was last updated on November 15, 2022. The docket indicates, however, that

2

Case 2:22-cv-01457-PP   Filed 07/07/23   Page 2 of 8   Document 7

For about three months, nothing happened in the district court. Then, a docket annotation indicates that the appellant called the clerk's office on April 18, 2023, and reported a new mailing address: PO Box 44059, Jefferson, WI 53549. A docket annotation the same day indicates that the clerk's office mailed a copy of the briefing letter to this new address. On April 26, 2023, the letter was returned with the notation, "No Such Number Unable to Forward." Dkt. No. 5 at 2. Another copy was returned with the notation, "Vacant." Dkt. No. 6 at 2.

This appeal has been pending for almost seven months. The appellant (1) has not paid the filing fee, (2) has not filed her initial brief and (3) has not maintained communication with the court through updated contact information. Because the appellant is representing herself, the court will set deadlines for her to pay the full filing fee and file her initial brief.

I. **Bankruptcy Appeal Filing Fee**

As of the date of this order, the bankruptcy court has not received the $298 appellate filing fee. Nor has the appellant filed a motion asking to proceed without prepaying the filing fee. The appellant incurred the filing fee by filing her notice of appeal on December 5, 2022, and Bankruptcy Rule 8003(a)(3) states that "[t]he notice of appeal must . . . be accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(a)(3)(C). Rule 8003(a)(2) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of

---

notices sent from the state court to this address also were returned as undeliverable and that the state court was unable to forward because there was no updated address information.

3

appeal" is ground "for the district court . . . to act as it considers appropriate," which may include "dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

The court will set a deadline by which the appellant must pay the full $298 filing fee to the bankruptcy court or file a motion to proceed without prepaying the filing fee.[3] The court warns the appellant that failure to comply with this deadline will result in dismissal of her case.

## II. Appellant's Initial Brief

The bankruptcy rules state that an "appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). "[E]ven *pro se* [self-represented] litigants must follow procedural rules." Bowman v. Korte, 962 F.3d 995, 998 (7th Cir. 2020) (quoting Collins v. Illinois, 554 F.3d 693, 697 (7th Cir. 2009)). Notice that the record had been transmitted by the bankruptcy court was docketed on January 3, 2023.[4] Dkt. No. 2. The deadline for the appellant to file her initial brief was early February 2023, which has long passed.

Under Rule 8003(a)(2), the court may dismiss the appeal if an appellant fails to take the proper procedural steps after filing a notice of appeal: "An

---

[3] The "Request to Proceed without Prepaying the Filing Fee" form is available on the court's website at https://www.wied.uscourts.gov/forms-pro-se-litigants.

[4] The briefing letter the clerk's office sent to the parties is dated *January 5*, 2023, and informs the recipient that "[t]he time limits set forth in Bankruptcy Rule 8018 *will apply beginning with the date of this letter.*" Dkt. No. 3 (emphasis added). Given that the approximate February deadline for the appellant to file her brief was almost four months ago, a two-day discrepancy is inconsequential.

4

appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Rule 8003(a)(2). See In re Dye, 448 F. App'x 625, 628 (7th Cir. 2011) (same; quoting an earlier version of the rule). "It is within a district court's sound discretion to dismiss an appeal from a bankruptcy court order when the appellant negligently fails to comply with procedural rules requiring [her] to file a timely brief and designate the record." In re ANR-Advance Transp. Co., Inc., 73 F. App'x 183, 185 (7th Cir. 2013) (citing In re Scheri, 51 F.3d 71, 73–74 (7th Cir. 1995); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994); In re Bulic, 997 F.2d 299, 301–02 (7th Cir. 1993)).

However, "where a plaintiff brings an action *pro se*, and so is particularly in need of the court's patience and instruction, [the Seventh Circuit] has consistently held that a district court *must* give explicit warning prior to dismissing the case for want of prosecution." In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995) (emphasis in original) (citations omitted).[5] See In re Ericson, 175 F. App'x 58, 60 (7th Cir. 2006) (citing Bluestein for principle that "[i]n this circuit, a district court must warn a pro se litigant before dismissing her case"). Bankruptcy Rule 8018(a)(4) states that "[i]f an appellant fails to file a brief on time or within an extended time authorized by the district court," the

---

[5] See McMahan v. Deutsche Bank AG, 892 F.3d 926, 932–33 (7th Cir. 2018) (noting that a warning is not required in every case, but distinguishing cases like Bluestein because those opinions admonish district courts for dismissing a case without warning involve *sua sponte* dismissals).

5

district court, "*after notice*, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4) (emphasis added).

If the court receives the appellate filing fee, or a motion for leave to proceed without prepaying it, by the deadline the court sets below, the court will set a date for the appellant to file her appeal. If she does not file her appeal by the date the court sets, the court will dismiss the appeal and will not return the filing fee.

### III. Appellant's Responsibility to Maintain Communication with the Court and Diligently Monitor her Case

Although it is clear the appellant was not receiving notices sent by the bankruptcy clerk's office or the district court clerk's office because the documents mailed to her various addresses all have been returned as undeliverable, it is a litigant's responsibility to maintain communication with the court. This court's local rules state that "[a] pro se party must include an address and telephone number at which the Court can contact the party," and it is a party's responsibility to advise the court of any change in her mailing address. General Local Rule 5(a)(4) (E.D. Wis.). The appellant did not notify the court that her old address was no longer valid and she did not provide a new mailing address until over four months after filing her appeal. "Litigants are responsible for maintaining communication with the court during their lawsuit . . . ." In re Ericson, 175 F. App'x at 60 (citing Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005)).

A bankruptcy appellant, "like all litigants, [is] responsible for monitoring her case by periodically checking the docket." McGhee v. Marshall, 843 F.

6

App'x 815, 816 (7th Cir. 2021) (citing Shaffer v. Lashbrook, 962 F.3d 313, 317 (7th Cir. 2020)). See also Platt v. U.S. Dep't of Educ., 775 F. App'x 253, 255 (7th Cir. 2019) ("With respect to the [plaintiffs'] contention that they did not receive notice of the briefing order, even if that were true, they, like all parties, must diligently inquire about the status of their cases by checking the court's docket periodically.") (collecting cases). An "inability to receive mail [does] not relieve [a party] of [the] obligation to monitor the court's docket . . . ." Harris v. Emanuele, 826 F. App'x 567, 569 (7th Cir. 2020) (citing Shaffer, 962 F.3d at 317).

The court reminds the appellant of these obligations and encourages her to improve her communication with the court and diligently monitor the status of her case.

**IV.    Conclusion**

The court **ORDERS** that by the end of the day on **July 21, 2023**, the appellant either must pay to the clerk of the U.S. Bankruptcy Court for the Eastern District of Wisconsin the sum of $298 as the full filing fee in this appeal *or* file with this district court a motion to proceed with prepaying the filing fee. If, by the end of the day on July 21, 2023, the bankruptcy court does not receive the full filing fee *or* this district court does not receive a motion from the appellant requesting to proceed without prepaying the filing fee, this court will dismiss the appeal without further notice or hearing.

If the court receives either the appellate filing fee or a motion to proceed without prepaying that fee by the end of the day on July 21, 2023, the court will set a deadline by which the appellant must file her brief.

Dated in Milwaukee, Wisconsin this 7th day of July, 2023.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**