JANET LYN BLAINE,

        Appellant,

                                    Case No. 22-cv-1457-pp

    v.

ANDREW HERBACH
and PATRICK LAYNG,

        Appellees.

## ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE AND FAILURE TO COMPLY WITH THE COURT'S ORDER

On December 5, 2022, Janet Blaine, representing herself, filed an appeal from the bankruptcy court's dismissal of her Chapter 7 case (Bankruptcy Case No. 22-24929-beh). Dkt. No. 1. The notice of appeal was filed via email and did not contain a mailing address for the appellant. Id. That same day, the clerk's office staff put a notation on the docket indicating that the appellant had not paid the appellate filing fee to the bankruptcy court.

Also on December 5, 2022, the bankruptcy clerk sent a letter to the appellant at the address she provided on her petition—615 W. Keefe Street, Milwaukee, WI 53212, notifying the appellant of the $298 bankruptcy appeal fee and requesting payment. Case No. 22-24929-beh, Dkt. No. 22. The appellant provided this address in her Chapter 7 voluntary petition filed with

the bankruptcy court on November 7, 2022. Id., Dkt. No. 1 at 2.[1] On December 27, 2022, this letter was returned as undeliverable. Id., Dkt. No. 26.

On January 3, 2023, the district court clerk's office docketed the record on appeal from the bankruptcy court. Dkt. No. 2. On January 4, 2023, the clerk's office mailed what was docketed as a briefing letter to the parties, advising them that the record had been filed on January 3, 2022 and that the time limits in Bankruptcy Rule 8018 had been triggered by that event. Dkt. No. 3. The letter was dated January 5, 2022 and indicated that the appellant would not receive any further notice from the clerk's office "regarding the time limits for the filing of briefs." Id. The clerk's office sent the letter to the appellant at the Keefe Street address.[2] Id. On January 20, 2023, that briefing letter was returned marked "Return to Sender," with the address blacked out. Dkt. No. 4.

For about three months, nothing happened in the district court. Then, on April 18, 2023, the clerk's office put an annotation on the docket indicating that the appellant had called and reported a new mailing address: PO Box 44059, Jefferson, WI 53549. A docket annotation on April 25, 2023 indicates that the clerk's office mailed a copy of the briefing letter to this new address. On April 26, 2023, the briefing letter was returned with a sticker that said, "Return to Sender No Such Number Unable to Forward." Dkt. No. 5 at 2.

---

[1] The court notes that 615 W. Keefe *Avenue*, Milwaukee, WI 53212 is the address for the Milwaukee Women's Correctional Center. The Wisconsin Department of Corrections locator website indicates that on November 20, 2018—four years before she filed her Chapter 7 petition—the appellant was released from Taycheedah Correctional Institution to extended supervision. https://appsdoc.wi.gov/lop/details/detail.

[2] See Fed. R. Bankr. P. 8003(c)(1) (stating that "[i]f a party is proceeding pro se, the clerk must send the notice of appeal to the party's last known address").

2

On July 7, 2023, the court issued an order, observing that although the appeal had been pending for almost seven months, the appellant had not (1) paid the $298 appellate filing fee or filed a motion asking to proceed without prepaying the filing fee, (2) filed her initial brief or (3) maintained communication with the court through updated contact information. Dkt. No. 7 at 3. The court ordered that by the end of the day on July 21, 2023, the appellant must pay the full $298 filing fee to the bankruptcy court or file a motion in the district court to proceed without prepaying the filing fee. Id. at 4, 7. The court warned the appellant that failure to comply with this deadline would result in dismissal of her case. Id. at 4. See also id. at 7 ("If, by the end of the day on July 21, 2023, the bankruptcy court does not receive the full filing fee *or* this district court does not receive a motion from the appellant requesting to proceed without prepaying the filing fee, this court will dismiss the appeal without further notice or hearing."). The court also stated that if the court received the appellate filing fee, or a motion for leave to proceed without prepaying it, by the deadline, the court would set a date for the appellant to file her initial brief. Id. at 6, 8. And the court's order explained the appellant's responsibility to maintain communication with the court and monitor her case. Id. at 6–7. Court staff mailed a copy of the court's order to the appellant that same day—July 7, 2023—at the only address it had: the P.O. Box 44059, Jefferson, WI 53549 address. See Dkt. No. 7. As of the date of this order (just under a month later), there is no indication on the docket that this mailing was returned as undeliverable or that the appellant did not receive the court's order.

The bankruptcy court has not received the $298 appellate filing fee, and this court has not received a motion to proceed without prepaying the filing fee.

The July 21, 2023 deadline passed over a week ago. Bankruptcy Rule 8003(a)(3)(C) states that "[t]he notice of appeal must . . . be accompanied by the prescribed fee." Rule 8003(a)(2) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal" is ground "for the district court . . . to act as it considers appropriate," which may include "dismissing the appeal."

Nor has the court received the plaintiff's opening brief in support of her appeal. As the court noted, on January 4, 2023 the clerk's office sent the appellant a letter, advising her that the deadlines prescribed under Bankruptcy Rule 8018 had started to run with the filing of the record on appeal. Under Rule 8018(a)(1), the appellant must file her brief "within 30 days after the docketing of notice that the record has been transmitted or is available electronically." That means the appellant's brief was due thirty days after the letter was docketed—by February 3, 2023. Rule 8018(a)(4) indicates that if the appellant does not file her brief on time, an appellee may move to dismiss the appeal, or the district court may dismiss on its own motion. It is likely that the appellant does not know anything about Bankruptcy Rule 8018, or about the fact that her thirty-day deadline for filing her brief started running on January 4, 2023, because the letters the court sent her advising her of those facts were returned to the court as undeliverable. But it is the appellant's responsibility to follow her case.

The appellant has not paid the filing fee. The appellant has not contacted the court since April 18, 2023, when she called to report a new mailing address—three and a half months ago. Prior to that, the court had had not been contacted by the appellant since she filed her appeal on December 5, 2022. At least one letter sent to the address the appellant provided on April 18,

4

2023 has been returned as undeliverable. The appeal has been pending for over eight months with only one contact from the appellant and no brief. The court concludes that the appellant has failed to pay the filing fee, failed to comply with the court's order and failed to diligently prosecute this appeal. See Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L.R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice.")

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to pay the filing fee, failure to comply with the court's order and failure to diligently prosecute. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of July, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5